SEALED

FILED

MAY 31 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

1  PHILLIP A. TALBERT
   Acting United States Attorney
2  CHRISTOPHER D. BAKER
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5
6  Attorneys for Plaintiff
   United States of America
7

8             IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 IN THE MATTER OF THE SEARCHES OF: | CASE NO. 1:16-SW-00115 BAM (SEALED) |
| 11 2315 West Celeste Ave., Fresno, CA, and 1030 Gettysburg Ave., Suite 107, Clovis, CA. | APPLICATION TO EXTEND TIME TO RETURN SEIZED COMPUTERS AND REMOVABLE MEDIA AND TO SEAL APPLICATION AND RELATED ORDER, AND ORDER THEREUPON |

15    The United States of America ("government") applies to this Court for an order (1) extending by
16 21 days the time for the government to return certain seized computers and removable media to the
17 premises from which they were seized, and (2) sealing this application and any orders issued thereupon
18 until further order of the Court.
19    On May 16, 2016, the Honorable Magistrate Barbara A. McAuliffe authorized the government to
20 search for and seize certain evidence located at two premises (2315 West Celeste Ave., Fresno, CA, and
21 1030 Gettysburg Ave., Suite 107, Clovis, CA), including such evidence stored on computers and
22 electronic/digital devices (collectively, "digital devices"), as well as any digital devises that constitute
23 criminal fruits and instrumentalities. As set forth in the search warrant affidavit, the government was
24 authorized to remove computers, peripheral devices, and/or removable media from the premises if, for
25 technical reasons or volume of evidence, it was unable to acquire a mirror image of computers and/or
26 removable media at the premises. Aff. Par. 63. In such a case, the government was required to return
27 such media within 14 days "unless, under the law, the government may retain [the media] for use as
28 evidence or it is contraband or a forfeitable instrumentality or fruit of a crime, or unless such date is

1 further extended by the Court." <u>Id.</u>

2   In this case, the government requests an additional 21 days during which it may return seized digital devices. The search warrants were executed on May 17, and at least one digital device from each of the two search locations was seized. The additional 21 days are required for the following reasons: (1) Because the government had reason to believe that seized digital devices may hold evidence potentially protected by the attorney-client privilege, the government consulted with defense counsel on several occasions following execution of the search warrants regarding procedures to be followed in reviewing the digital devices. Neither counsel for the government nor defense counsel was available to discuss such procedures until May 23; (2) The seized digital devices were required to be transported from FBI-Fresno to FBI-Sacramento to ensure they are properly examined.

## APPLICATION TO SEAL

The government requests that this Court seal this application and any orders issued thereupon. The Ninth Circuit has held that federal district courts have the inherent power to seal affidavits and applications in appropriate circumstances. <u>Offices of Lakeside Non-Ferrous Metals, Inc., v. United States</u>, 679 F.2d 779 (9th Cir. 1982) (citing <u>in re: Sealed Affidavit(s) to Search Warrants</u>, 600 F.2d 1256, 1257 (9th Cir. 1979)). This inherent power may properly be exercised when disclosure of the affidavit or application would disclose facts that would undermine the confidentiality of an ongoing criminal investigation. <u>United States v. Mann</u>, 829 F.2d 849, 853 (9th Cir. 1987). In the present case, the original search warrant affidavit and application and related orders were ordered sealed to avoid revealing to possible defendants the existence of the ongoing criminal investigation and prompt them to conceal, destroy or damage evidence not discovered and/or seized at the search warrant premises. Likewise here, because the investigation is ongoing, disclosure of this application prior to any charges being filed may compromise the investigation and prosecution of the case.

## CONCLUSION

Accordingly, the government requests this court enter an order (1) extending by 21 days the time for the government to return certain seized computers and removable media to the premises from which

///

///

they were seized, and (2) sealing this application and any orders issued thereupon until further order of the Court.

Dated: May 27, 2016

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ CHRISTOPHER D. BAKER
CHRISTOPHER D. BAKER
Assistant United States Attorney

**ORDER**

**IT IS SO ORDERED.**

ERICA P. GROSJEAN
U.S. Magistrate Judge

APPLICATION TO EXTEND TIME TO RETURN SEIZED
MEDIA AND TO SEAL APPLICATION AND RELATED
ORDERS

3